IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBINSON CABRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00002-ALM |
| | § | |
| FIRST NATIONAL BANK OF TRENTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant First National Bank of Trenton ("FNBT" or "Defendant") files this Motion to Dismiss and Brief in Support Pursuant to Federal Rule of Civil Procedure 12(b)(6) and shows as follows:

**I.  SUMMARY**

On or about December 30, 2021, Plaintiff Robinson Cabrera ("Plaintiff") filed *Plaintiff's Original Petition, Request for Temporary Restraining Order and Application for Temporary Injunction* (the "Petition") bearing Cause No. 21-11333-467 in the 467th Judicial District Court, Denton County, Texas, styled *Robinson Cabrera v. First National Bank of Trenton* (the "State Court Action").

The allegations in the Petition relate to a deed of trust and foreclosure proceedings on Plaintiff's real property and improvements located at 2107 Meadowview Drive, Corinth, Texas 76210. (the "Property"). (*See* Petition at ¶1.) Plaintiff alleges Defendant engaged in the practice of "dual tracking" and failed to respond to Plaintiff's Qualified Written Request ("QWR") for Information associated with the loan per the Consumer Finance Protection Bureau ("CFPB") Guidelines. (*See*, *generally*, *id*.). Plaintiff seeks an injunction against foreclosure, attorney's fees

and costs of court incurred. (*See id*. at Prayer). However, these allegations are without merit and Plaintiff's claims should be dismissed.

## II. STANDARD UNDER RULE 12(B)(6)

Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The alleged facts must "raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## III. GROUNDS FOR DISMISSAL

A. Plaintiff fails to adequately plead his claim for violations of the dual tracking prohibition.

B. Plaintiff fails to adequately plead his claim for violations of CFPB § 1024.36 by failing to respond to his QWR**.**

## IV. ARGUMENT AND AUTHORITIES

**A. Plaintiff fails to adequately plead his claim for violations of the dual tracking prohibition.**

Dual tracking is the term given to situation in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options. *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed. App'x 355, 359 (5th Cir. 2016) (citing 12 C.F.R. § 1024.41). "Section 1024.41(g) prohibits dual tracking, and 1024.41(a) expressly provides for a private right

of action in the event the lender violates the provision." *Id*. (citing 12 C.F.R. § 1024.41). However, Section 1024.4(g) only applies where "a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale." *Id*. (quoting § 1024.41(c)). *Jordan v. United States Bank Home Mortg.*, No. A-18-CV-197-LY-ML, 2019 U.S. Dist. LEXIS 178428, at *15 (W.D. Tex. 2019). *Jordan* makes it clear that the plaintiff needs to plead that the full modification application was submitted more than 37 days before the noticed foreclosure sale. Plaintiff here did not do that. Plaintiff pleads no underlying facts to show when the modification application was submitted, when it was approved, or explained how Defendant violated the CFPB rules. Because of that, Plaintiff has failed to state a valid claim for relief. *Molina v. DLJ Mortg. Capital, Inc.*, No. 7:15-CV-270, 2015 U.S. Dist. LEXIS 182615, at *10 (S.D. Tex. 2015). Therefore, Plaintiff has failed to adequately plead his claim for violations of the dual tracking prohibition.

### B. Plaintiff fails to adequately plead his claim for violations of CFPB § 1024.36 by failing to respond to his QWR.

Section 2605(e) of RESPA requires loan servicers, upon borrower's receipt of a qualified written request for information related to the servicing of such loan, to provide a written response to the borrower acknowledging receipt of the correspondence within five (5) days. 12 U.S.C. § 2605(e)(1). Furthermore, upon receipt of a QWR, RESPA obliges the servicer to respond and provide the borrower with a written explanation or clarification in certain circumstances. *Id.* (e)(2). Thus, in order to survive a motion to dismiss, Plaintiff must sufficiently allege that "1) Defendant is a loan servicer; 2) Defendant received a QWR . . . from Plaintiff; 3) the QWR relates to servicing of [a] mortgage loan; 4) Defendant failed to respond adequately; and 5) Plaintiff is entitled to actual or statutory damages." *Payne v. Seterus, Inc.*, No. 16-0203, 2016 U.S. Dist. LEXIS 148413, 2016 WL 6270761, at *3 (W.D. La. Oct. 26, 2016); see also *Foster v. Bank of N.Y. Mellon*, No. 4:17-CV-319-ALM-CAN, 2017 U.S. Dist. LEXIS 202595, at *7-8 (E.D. Tex. 2017).

Here, Plaintiff only pleads that Defendant failed to respond to his QWR as required under CFPB § 1024.36.  However, Plaintiff does not plead that Defendant is a loan servicer; does not include the specific questions he asked in his correspondence; and does not state whether he included his account number. In sum Plaintiff has not provided sufficient detail to support the basic elements of his claim. *See Price v. U.S. Bank Nat. Ass'n*, 3:13-CV-0175-O, 2013 U.S. Dist. LEXIS 108899, 2013 WL 3976624, at *9 (N.D. Tex. Aug. 2, 2013) (finding plaintiff's alleged QWR was not valid because it lacked the requisite elements of § 2605(e)(1)(B)). Plaintiff's bare assertion that he sent a QWR, standing alone, is not sufficient to state a claim under Rule 12(b)(6). Therefore, his claim is without merit and should be dismissed.

**WHEREFORE,** Defendant asks that the Court enter judgment that Plaintiff take nothing on his claims. Defendant requests such other and further relief to which they may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
**ATTORNEYS FOR DEFENDANT**

5 | P a g e

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 4, 2022, a true and correct copy of the foregoing document was delivered via ECF Notification to the counsel listed below:

Wade Kricken
4261 E. University Drive
Suite 30-261
Prosper, Texas 75078
214.418.1187 – telephone
214.593.3108 – facsimile
wade@krickenlawfirm.com

　　　　　　　　　　　　　　　　　　　　*/s/ Mark D. Cronenwett*
　　　　　　　　　　　　　　　　　　　　**MARK D. CRONENWETT**