# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ROBINSON CABRERA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:22-CV-00002 |
| § | Judge Mazzant |
| FIRST NATIONAL BANK OF TRENTON, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant First National Bank of Trenton's Motion to Dismiss in Brief in Support (Dkt. #5). Having considered the motion and the relevant pleadings, the Court finds the motion should be **DENIED**.

### BACKGROUND

Plaintiff Robinson Cabrera ("Cabrera") is a title holder to real property, and Defendant First National Bank of Trenton ("First National") is a mortgage servicer for the loan associated with Cabrera's property. First National scheduled a foreclosure sale on Cabrera's property for January 4, 2022, and because of that, on or about December 30, 2021, Cabrera filed an Original Petition, Request for Temporary Restraining Order and Application for Temporary Injunction (the "Complaint") against First National in the 467th Judicial District Court, Denton County Texas (Dkt. #3).

In the Complaint, Cabrera alleges that First National failed to take all steps necessary to conduct a foreclosure sale. Specifically, Cabrera alleges that First National violated the "dual tracking" prohibitions set forth by the Consumer Finance Protection Bureau ("CFPB") because

First National advised Cabrera that he had been approved for a loan modification but, notwithstanding the modification approval, instructed the law firm of Mackie Wolf Zientz & Mann, P.C. to proceed with a foreclosure sale (Dkt. #3 ¶ 11). Additionally, Cabrera alleges that First National failed to timely respond to his Qualified Written Request for Information ("QWR") under CFPB Guidelines § 1024.36 (Dkt. #3 ¶ 12).

On January 3, 2022, First National removed this action to the undersigned Court because it arises under and presents a question of federal law. On January 4, 2022, First National moved to dismiss the case for Cabrera's failure to comply with Federal Rule of Civil Procedure 12(b)(6) (Dkt. #5 at p. 2). Cabrera has not filed an answer.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

First National moves to dismiss Cabrera's claims under Federal Rule of Civil Procedure 12(b)(6) for two main reasons. First, it alleges that Cabrera failed to adequately plead his claim for violations of the dual tracking prohibition (Dkt. #5 at pp. 2–3). Second, First National contends

3

that Cabrera has not stated a claim for violations of CFPB § 1024.36 because he alleges only bare facts surrounding the QWR (Dkt. #5 at pp. 3–4).

The Court will consider each point in turn.

First National claims that the Real Estate Settlement Practices Act ("RESPA") only prohibits dual tracking when a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale. Because Cabrera did not plead that he submitted the full modification application more than 37 days before the noticed foreclosure sale, First National contends that the Court must dismiss this claim (Dkt. #5 at pp. 2–3). "Dual tracking occurs when a lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Jordan v. U.S. Bank Home Mortg.*, 820 Fed. App'x. 314, 315 (5th Cir. 2020) (citing 12 C.F.R. § 1024.41). "To establish a plaintiff was considered for loss mitigation options, a plaintiff must plead that the servicer received a complete loss mitigation application more than thirty-seven days before a foreclosure sale." *Haller v. Wells Fargo Bank, N.A.*, No. 4:17-CV-00606, 2018 WL 6735094, at *4 (E.D. Tex. Oct. 15, 2018); *see also Gresham v. Wells Fargo Bank*, 642 Fed. App'x 355, 359 (holding the plaintiff did not sufficiently state a claim when he failed to plead that he submitted a complete loss mitigation application 37 days before the foreclosure sale).

Cabrera has not pleaded that First National received a complete loss mitigation application at all. He pleads only that First National advised him that he was approved for a loan modification and that First National planned to conduct a foreclosure sale regardless. In his Complaint, Cabrera never mentions an application for complete loss mitigation or provides the Court with the date that First National allegedly received such an application. Cabrera, thus, has not stated a claim for dual tracking upon which relief can be granted.

Next, First National contends that Cabrera has not stated a claim for violations of CFPB § 1024.36 because Cabrera fails to satisfy elements necessary for stating a claim under this provision. "RESPA is a consumer protection statute that, in relevant part, obligates a covered loan servicer to respond to a borrower's" QWR. *Wease v. Ocwen Loan Serv., L.L.C.*, 915 F.3d 987, 995 (5th Cir. 2019) (citing § 2605(e)). However:

> to survive a motion to dismiss, a Plaintiff asserting a RESPA failure to respond claim must sufficiently allege that 1) Defendant is a loan servicer; 2) Defendant received a QWR . . . from Plaintiff; 3) the QWR relates to servicing of [a] mortgage loan; 4) Defendant failed to respond adequately; and 5) Plaintiff is entitled to actual or statutory damages.

*Payne v. Seterus*, Inc., No. 16-0203, 2016 WL 6270761 *3 (W.D. La. Oct. 26, 2016) (internal citations omitted). In Cabrera's Complaint, he alleges that First National—a loan servicer—has failed to respond to his QWR that is "associated with the loan" (Dkt. #3 ¶ 1). The only element at issue is whether Cabrera sufficiently alleges that he is entitled to actual or statutory damages. Under this final element, Cabrera must have either "allege[d] facts that plausibly demonstrate [he] sustained actual damages proximately caused by the alleged RESPA violations" or "plead[ed] a pattern or practice of noncompliance with RESPA." *Id.* at *4–5 (first quoting *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1145 (D. Co. 2013) and then citing § 2605(f)(1)(B)).

Cabrera's Complaint is devoid of any allegations tying First National's failure to respond to Cabrera's QWR to the potential foreclosure of his home.[1] Further, Plaintiff only requests relief in the form of an injunction. He makes no pleadings regarding actual or statutory damages. For these reasons, Cabrera has not satisfied the 12(b)(6) standard.

However, under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15 (a)(2).  Rule

---

[1] The Court recognizes that the date of expected foreclosure has passed but is unaware as to whether First National actually foreclosed on the property in question.

15(a) instructs the Court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

Here, the Court finds it appropriate to provide Cabrera an opportunity to amend his Complaint to alleviate any deficiencies within fourteen (14) days of this Order.

### CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss and Brief in Support (Dkt. #5) is hereby **DENIED at this time**.

It is further **ORDERED** that Cabrera may amend his Complaint to alleviate any deficiencies within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

SIGNED this 7th day of June, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE